1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CORREA,

      Plaintiff,                              No. CIV S-06-2779 MCE EFB P

     vs.

CHIEF DEPUTY SHERIFF
JOHN McGUINESS, et al.,

      Defendants.               ORDER
_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed *in forma pauperis* will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $80.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded

1

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges in his complaint that he suffered a severe assault by Tony Gomez, an inmate, as a result of a security breach. Plaintiff asserts that all named defendants engaged in a conspiracy to facilitate a brutal attack upon plaintiff, and that his Eighth Amendment right was violated because defendants Walker, Deadman, and McGuiness failed to protect him in reckless disregard for his safety.

First, plaintiff claims that defendants Walker and Deadman, deputies at the Sacramento County Jail, facilitated the security breach through which Gomez was able to pass as part of a conspiracy with Gomez and Gomez's wife, who had been an informant in plaintiff's criminal case. Plaintiff argues that the attack was obviously a conspiracy because "the only way to breach [the] security door and circumvent security measures would be through officers Walker and Deadmans [sic] assistance." In the context of conspiracy claims brought pursuant to § 1983, such a complaint must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988), citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Burnett v. Short*, 441 F.2d 405, 406 (5th Cir. 1971). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff alleges that defendants Walker and Deadman allowed Gomez to pass through a secured entrance to an area of the jail, where plaintiff was being held in segregation from the general population, and beat him so brutally that he suffered seizures and had to be transported via ambulance to a hospital for emergency assistance. Plaintiff states that the only way for Gomez to have passed through the security door was with the assistance of defendants Walker and Deadman. Plaintiff does not allege that defendants Walker and Deadman in fact provided Gomez access with the agreement that he would commit an assault on plaintiff. Plaintiff has failed to allege sufficient facts to support the existence of a conspiracy among the defendants and therefore fails to state a claim for relief under § 1983.

Plaintiff next claims that defendants Walker and Deadman failed to protect him from a substantial risk of harm in violation of the Eighth Amendment. The Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[1] *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. *Id.* at 834. To state a cognizable Eighth Amendment claim for failure to protect, plaintiff must allege specific facts that help demonstrate that defendants Walker and Deadman knew of and disregarded the substantial risk of serious

---

[1] It has been held that a prison official violates the Eighth Amendment when two criteria are met. First, a plaintiff's alleged deprivation must be sufficiently serious from an objective standpoint. Put another way, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, a prison official must have a state of mind of "deliberate indifference" to a prisoner's health and safety. *Id.* at 834. In the prison context, "only unnecessary and wanton infliction of pain" implicates the Eighth Amendment. *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Thus, a court can hold a prison official liable only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

4

harm that would result if the security door keeping plaintiff separate from general population inmates was breached.

An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842; *see also Robins v. Meecham,* 60 F.3d 1436, 1439-40 (9th Cir.1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). This is a question of fact. *Farmer,* 511 U.S. at 842. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference--i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. *Hearns,* 413 F.3d at 1041-42. Mere negligence on the part of the prison official is insufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost,* 152 F.3d at 1128. Plaintiff asserts that he was classified as a "P.C.," or protective custody, inmate and was being held in segregation from inmates in the general population for his safety, facts known to prison officials including officers Walker and Deadman. He further asserts that the only way Gomez was able to gain access and assault him was though a security door under the watch and control of defendants Walker and Deadman. These allegations, in combination, are sufficient to state a claim that defendants wantonly failed to take measures to abate a significant risk of serious harm to plaintiff in violation of the Eighth Amendment.

Plaintiff also claims that defendant John McGuiness, Sacramento County Chief Deputy Sheriff, violated his Eighth Amendment rights on the same grounds. Plaintiff does not allege specific facts that defendant McGuiness actually knew of the security breach and failed to protect plaintiff. The court finds that plaintiff's Eighth Amendment claim against defendant McGuiness is based solely on a theory of *respondeat superior* and is therefore insufficient to state a claim.

5

Plaintiff also alleges that defendants McGuiness and Janet Scully, Sacramento County District Attorney, furthered this conspiracy by "turning a blind eye" to the attack on plaintiff, evidenced by the failure to bring criminal charges against Gomez. The extent of plaintiff's conspiracy claim regarding these two defendants is that "somewhere between the County Clerk's office whom process crimes against Sac. Co. Inmates (only) and D.A. Janet Scully, 'somebody' refused to file charges" against the inmate who assaulted him and "the refusal to prosicute [sic] the assault would leave commensence [sic] to believe that there are other conspirators." As stated above, however, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988), citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Burnett v. Short*, 441 F.2d 405, 406 (5th Cir. 1971). Plaintiff therefore fails to state a conspiracy claim against defendants McGuiness and Scully.

Further, "the decision whether or not to prosecute, and what charge to file ... generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). "'[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)) (alteration in the original). A prosecutor's discretion is not without limitations, however. While the Supreme Court demands "exceptionally clear proof" before inferring an abuse of prosecutorial discretion, *McCleskey v. Kemp,* 481 U.S. 279, 297, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), the Court does prohibit punishing "a person because he has done what the law plainly allows him to do." *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (internal quotation marks and citation omitted). The ordinary presumption is that "public officials have properly discharged their official duties." *Banks v. Dretke,* 540 U.S. 668, 696, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) (citations omitted). As such, where a defendant contends that a prosecutor

6

made a charging decision in violation of the Constitution, the defendant's "standard [of proof] is a demanding one." *United States v. Armstrong,* 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). "To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya,* 45 F.3d 1286, 1299 (9th Cir.1995) (internal quotation marks and citation omitted); *see Goodwin,* 457 U.S. at 380 n. 12 (suggesting that "a defendant might prove through objective evidence an improper prosecutorial motive" in order to establish a prosecutorial vindictiveness claim); *Blackledge v. Perry,* 417 U.S. 21, 27-29, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (holding that vindictiveness could be presumed where prosecutors brought additional charges after a defendant appealed his conviction).

Plaintiff may proceed forthwith to serve defendants Walker and Deadman and pursue his Eighth Amendment claim against only those defendants, or he may delay serving any defendant and attempt to state additional cognizable claims against defendants Walker and Deadman and any cognizable claims against McGuiness, and Scully.

If plaintiff elects to attempt to amend his complaint to state cognizable claims against defendants Walker, Deadman, McGuiness, and Scully, he has 30 days to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Walker and Deadman, against whom he has stated a cognizable Eighth Amendment claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants McGuiness and Scully without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional

7

right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and specifically allege facts demonstrating their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies that he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Walker and Deadman.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $80.00. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants McGuiness and Scully are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

////

1     4. The allegations in the pleading are sufficient at least to state a cognizable claim
2  against defendants Walker and Deadman. *See* 28 U.S.C. § 1915A. With this order the Clerk of
3  the Court shall provide to plaintiff a blank summons, a copy of the pleading filed December 8,
4  2006, two USM-285 forms and instructions for service of process on defendants Walker and
5  Deadman. Within 20 days of service of this order plaintiff may return the attached Notice of
6  Submission of Documents with the completed summons, the completed USM-285 forms, and
7  three (3) copies of the December 8, 2006, complaint. The court will transmit them to the United
8  States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Walker and
9  Deadman will be required to respond to plaintiff's allegations within the deadlines stated in Fed.
10 R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith
11 as consent to an order dismissing his defective claims against defendants McGuiness and Scully
12 without prejudice.

13 Dated: May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CORREA,

       Plaintiff,                  No. CIV S-06-2779 MCE EFB P

    vs.

CHIEF DEPUTY SHERIFF
JOHN McGUINESS, et al.,

       Defendants.           NOTICE OF SUBMISSION

_____/      OF DOCUMENTS

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

        One        completed summons

        ____        completed USM-285 forms

        ____        copies of the _____
                                  Complaint/Amended Complaint

DATED:

                                        _____
                                        Plaintiff