IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CORREA,

      Plaintiff,                        No. CIV S-06-2779 MCE EFB P

      vs.

JOHN McGUINESS, et al.,

      Defendants.                  ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 14, 2008, defendants Deadman and Walker filed a motion for summary judgment. *See* Fed. R. Civ. P. 56. On July 9, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). That order also informed plaintiff of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion. Plaintiff failed to file an opposition.

////

////

1

On October 8, 2008, the court gave plaintiff 20 days to file an opposition or a statement of no-opposition to defendants' motion. The court also explained that Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to obey this court's orders and the applicable procedural rules. Plaintiff was warned that failure to file an opposition or a statement of no opposition would result in a recommendation that this action be dismissed under the authority of Rule 41(b). The 20 days have passed and plaintiff has not timely filed an opposition or statement of no opposition. Plaintiff has disobeyed the orders of this court and failed to prosecute this action. Thus, this action must be dismissed.

While plaintiff filed a letter on October 14, 2008, the letter does not address the substance of the court's order. Rather, plaintiff requests entry of default and also requests counsel. Plaintiff's request for entry of default is denied, as defendants filed their answer on February 8, 2008. *See* Fed. R. Civ. P. 55. Additionally, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case. Accordingly, plaintiff's request for appointment of counsel is also denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 14, 2008 request for entry of default and for appointment of counsel is DENIED.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: November 17, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3